IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QURAN HERRINGTON | : | CIVIL ACTION |
| | : | |
| v. | : | No. 19-731 |
| | : | |
| ERIC TICE, et al. | : | |

### MEMORANDUM

**Chief Judge Juan R. Sánchez**                                                                   **March 29, 2022**

Quran Herrington petitions the Court for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. United States Magistrate Judge David R. Strawbridge filed a Report and Recommendation concluding Herrington's Petition should be denied. Herrington then filed several pro se objections. After careful review of Herrington's objections, the Court finds no factual or legal errors were made and will adopt the Report and Recommendation in its entirety. The Court also finds no basis for the issuance of a certificate of appealability.

**FACTUAL BACKGROUND**

This case concerns three domestic altercations between Quran Herrington and his girlfriend, Faatimah Stafford. The Report and Recommendation provides a detailed review of the lengthy factual and procedural history of the case. The Court incorporates this background by reference and will address only the facts and legal standards relevant to each of Herrington's objections. Judge Strawbridge filed the Report and Recommendation on October 24, 2019. Herrington filed objections on November 12, 2019. Herrington also filed an application for certificate of appealability the same day. This matter is now ripe for the Court's review.

**DISCUSSION**

This Court is required to take a de novo review upon the record of those portions of the Report and Recommendation to which specific objections have been made. *See* 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 147 (3d Cir. 2016). The Court may "accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

Herrington filed a long list of factual and legal objections, many of which present overlapping arguments and discuss issues not presently before this Court. The Court begins with Herrington's "factual objections," all of which relate to the procedural history of the case. Each of these objections is either (1) factually contradicted by the record, (2) immaterial to Herrington's legal claims for relief, or (3) both. The Court addresses these factual objections in turn.

Herrington's first objection involves the amount of time he spent in pretrial detention for the instant offense. Herrington was arrested on March 11, 2012, after an altercation with Stafford. He was charged with burglary, criminal trespass, criminal mischief, harassment, terroristic threats, and contempt for violating a protection from abuse ("PFA") order. The Report and Recommendation states Herrington posted bail on these charges and was released the next day. R. & R. 2, ECF No. 9. Herrington now claims he was not immediately released but rather, he spent nineteen days in custody before posting bail on March 30, 2012. Even assuming Herrington was held during this time, this period is entirely distinct from the period of detention for which Herrington seeks relief in the instant Petition. Herrington seeks relief for the 630 days of detention from August 29, 2012, to May 21, 2014, arguing he was improperly deprived of credit for this time when he was sentenced for the instant offense. To the extent Herrington argues the Philadelphia

Department of Prisons erred by not crediting him for this nineteen-day period in case number CP-4001-2012, that issue is not presently before the Court.

Herrington's second objection involves the identity of the victims in the two incidents which were consolidated with the instant offense. In August 2012, while Herrington was on bail for the above-mentioned case involving Stafford, he was arrested for two subsequent incidents. The Report and Recommendation states these incidents were also domestic altercations between Herrington and Stafford. R. & R. 2, ECF No. 9. Herrington claims his August 2012 arrest was for two incidents unrelated to Stafford that involved another alleged victim. Whether or not the victim in the August 2012 incidents was Stafford or someone else, this objection has nothing to do with the merits of Herrington's Petition. The fact remains he was arrested and charged, and the charges were disposed of alongside the instant case.

Herrington's third objection is to the Report and Recommendation's statement that he was tried and convicted in Municipal Court on one of the August 2012 cases (MC-51-CR-35184-2012) and he appealed the conviction and was entitled to a trial *de novo* in the Philadelphia Court of Common Pleas. Herrington claims this is incorrect because he pled guilty to those charges rather than going to trial. Again, even assuming Herrington pled guilty rather than being tried in Municipal Court, this is immaterial to the substance of his Petition. These three cases were disposed of together. Whether he pled guilty or was tried in Municipal Court has nothing to do with the substantive question raised by this Petition, which is whether he should be credited in the instant case for the 630 days he spent in custody in case number CP-51-CR-10965-2012.

Herrington's fourth objection involves the trial court's knowledge that he would not be entitled to time-served credit at the time he was sentenced. The Report and Recommendation states Herrington was granted immediate parole at the time of sentencing on May 21, 2014, because the

trial court gave him credit for the time served in CP-51-CR-10965-2012. It further states, "[i]n light of the later recognition by the court and Commonwealth that Petitioner did not, in fact, "serve time" pre-trial on any of the CP-4001-2012 charges, this grant of parole appears to have been improper." R. & R. 4 n.4, ECF No. 9. Herrington objects to this statement and argues,

> The Court and the Commonwealth knew that the Petitioner was not serving time pre-trial on any of the CP-51-CR-4001-2012 charges at the time the plea agreement was conducted on May 21, 2014 because Petitioner alerted his counsel Micah Shender of the issue who then made the court aware and all parties still agreed to credit Petitioner with the time-served credit from August 29, 2012 to May 21, 2014 . . . Micah Shender [] and ADA Lindsay Kenney exchanged emails concerning the matter.

Pet., Ex. A, ECF No. 1. As an initial matter, Herrington provides no proof the court, defense counsel, or the Commonwealth was aware of this issue at the May 21, 2014, sentencing. In fact, the emails Herrington cites in support of this objection are all dated *after* May 21, 2014, and they explicitly acknowledge the parties may have misunderstood the issue at the time of the May 21, 2014, sentencing. *See* Traverse, Ex. J, ECF No. 8. This objection, therefore, is unfounded and has no bearing on Herrington's claims.

Herrington's fifth objection concerns the statement that "[t]he trial court also noted that the petition was untimely," referring to Herrington's July 2016 Petition for Specific Performance of Plea Agreement. R. & R. 13 n.11, ECF No. 9. Herrington claims the PCRA court determined this petition was *not* untimely. The record on this issue is clear. The trial court expressly found his petition to be untimely. *See* Pet., Attach. B, ECF No. 1 ("The Defendant's Petition[s] . . . have no merit, are not timely and not properly presented."). To the extent Herrington objects to this finding, the words of the order are clear. Even assuming the PCRA court later determined the Petition was timely, this does nothing to disturb the fact that the state court denied the petition for several reasons, including Herrington's failure to raise this issue at the time of sentencing or on direct

appeal. R. & R. 13, ECF No. 9. Therefore, the statement in the Report and Recommendation was factually correct and Herrington's objection is therefore overruled.

Herrington's sixth and final factual objection concerns his violation of probation. After Herrington was released in the instant case, Judge Coyle found him in violation of his probation because he apparently violated terms of probation related to drug use. Here, Herington's objection to the Report and Recommendation simply rehashes the arguments presented on appeal of Judge Coyle's probation violation order. Specifically, Herrington claims there was insufficient evidence to find him in violation of his conditions and without an independent conviction for the underlying drug charges, he could not have been in violation. The state courts already considered and rejected these arguments, and this issue is not before the Court.

Herrington next makes several legal objections, the first of which deals with his failure to raise the time-credit issue on direct appeal and in PCRA litigation. The Report and Recommendation states "[h]e did not file a direct appeal after this sentence was imposed on May 21, 2014 nor did he attempt to later utilize the PCRA process to reinstate his direct appeal rights concerning the sentence imposed at that time." R. & R. 13, ECF No. 9. Herrington claims he did not need to raise it on appeal, his trial counsel "forgot to bring the time-served credit claim up on the appeal [of the probation violation order]," and he nonetheless preserved this claim through the filing of his Petition for Specific Performance of Plea Agreement. These arguments have no merit. Herrington was required to raise this claim on direct appeal, and because he failed to do so, the trial court was deprived of jurisdiction to entertain his Petition for Specific Performance of Plea Agreement. To the extent Herrington now claims counsel was ineffective in this regard, the Report and Recommendation thoroughly addresses this claim elsewhere. *See id.* at 15–16.

Herrington's second legal objection argues the trial court *should* have considered his Petition for Specific Performance of Plea Agreement because the time-credit issue is "ancillary" to the evidentiary issue on appeal at the time. *See* Pa. R. App. P. 1701(a)–(c). Herrington specifically takes issue with the Report and Recommendation's assertion that this petition was not properly presented to the trial court. Herrington presents no compelling legal argument why that is the case other than citing the applicable Pennsylvania Rule of Appellate Procedure. This Court sees no reason to question the trial court's denial of the petition on those grounds.

Herrington's third legal objection argues the denial of time credit for 630 days of pretrial detention excuses the procedural default of his due process claim. The Report and Recommendation aptly explains Herrington's due process claim is procedurally defaulted. R. & R. 13, ECF No. 9. This default could be excused if Herrington could meet the "cause and prejudice" standard, as explained in the report. Herrington claims the denial of time credit at re-sentencing constitutes prejudice. As a matter of law, Herrington was not entitled to credit for the 630 days. *See* 42 Pa. Cons. Stat. § 9760. This cannot, therefore, serve as the basis for excusing his procedural default. As the Report and Recommendation states, the sentence imposed by Judge Coyle was not illegal under state law. R. & R. 16, ECF No. 9.

Herrington's fourth legal objection concerns the ineffectiveness of counsel in failing to raise the time credit issue at the time of re-sentencing or on appeal of his new sentence. The Report and Recommendation discusses this issue thoroughly. R. & R. 15–16, ECF No. 9. Herrington failed to raise this claim in PCRA litigation, and the ineffective assistance of counsel claim is therefore unexhausted. The Court also agrees with the Report and Recommendation insofar as there is no basis to excuse this procedural default. *See id.* at 16. This objection is also indicative of the circular nature of Herrington's objections.

Herrington's fifth legal objection attempts to re-argue the legality of his sentence. For the reasons discussed throughout the Report and Recommendation, it was not an illegal sentence. *See id.* at 17 n.7. This objection is therefore overruled.

Herrington's sixth legal objection again attempts to re-litigate the legality of his sentence. This has been thoroughly addressed in the Report and Recommendation and this Memorandum. Legal objection six makes little sense and is therefore meritless.

Herrington's seventh and final legal objection argues his overserving his custodial sentence "shocks the conscious" for purposes of excusing the procedural default of his due process claim. The Report and Recommendation states the miscalculation of time credit resulting in longer sentences than expected generally does not "shock the conscious," which is one method of excusing the procedural default of this claim. *See Evans v. Sec'y Pennsylvania Dep't of Corrections*, 645 F.3d 650, 662 (3d Cir. 2011). Herrington argues the *Evans* case is different than the instant case because the petitioner in *Evans* was serving multiple sentences concurrently. That may be so, but the Court disagrees with Herrington's contention that the denial of the time credit here shocks the conscience, especially considering Herrington was unable to abide by the terms of his probation after serving the sentence.

Finally, this case presents no grounds for the issuance of a certificate of appealability ("COA"). A federal court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where claims are dismissed on procedural grounds, however, the petitioner bears the additional burden of showing that jurists of reason would also debate the correctness of the procedural ruling. *See Slack*, 529 U.S. at 484. Here, Herrington fails on both accounts. Accordingly, a COA shall not issue.

**CONCLUSION**

Having carefully reviewed the Report and Recommendation and Herrington's factual and legal objections thereto, the Court finds Herrington did not exhaust his opportunities for state court appellate review as to the grounds asserted in his petition. There is no basis for excusal of the procedural default of these claims. There is also no constitutional merit to these claims. Finally, a COA shall not issue.

An appropriate Order follows.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.